■ SEARLE BLATT & CO., LTD., Appellant, v ZURICH HOLDING Co., Respondent. [659 NYS2d 472] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 30, 1997, which, insofar as appealed from, denied plaintiff tenant's motion for partial summary judgment declaring defendant landlord's repair obligations under the parties' lease, unanimously modified, on the law, to declare that the landlord is responsible for repairing all latent structural defects in the building that are not within the space leased by the tenant and, regardless of their location, were not caused by plaintiff, and otherwise affirmed, with costs to plaintiff.

Inasmuch as the landlord interprets the lease to mean that it is not responsible for repairing defects anywhere in the building regardless of their cause, and that such an interpretation precludes any factual "scenario" that would make the landlord responsible for repairs, the motion court erred in viewing "the heart of the case" to be a factual dispute as to whether the building defects discovered by the tenant during its renovation of the leased space were caused by its contractors, and denying the tenant's request for declaratory relief as "unnecessary". The landlord's repair obligations under the lease are questions of law that can be determined upon the basis of the plain and unambiguous wording of the lease, and its resolution will aid in the disposition of the action (see, Janos v Peck, 21 AD2d 529, 531-532, affd 15 NY2d 509). On the merits, the landlord's interpretation disregards the clear distinction drawn in the body of the lease, and also clearly reflected in the "as is" riders on which the landlord relies, between "the premises" and "the building", the former invariably being used to refer to the space under the parties' lease, and the latter to the rest of the building. We would also note that since part of the building is admittedly occupied by residential tenants, the landlord's construc-

tion is contrary to law (*see, Worth Distribs. v Latham*, 59 NY2d 231, 237-238). Concur—Murphy, P. J., Milonas, Ellerin, Andrias and Colabella, JJ.